**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                            No. CR 08-2344 JB

YURAN ARANDA-DIAZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Government's Objection to the Presentence Report, filed January 27, 2011 (Doc. 100).  The Court held a sentencing hearing on January 28, 2011.  The primary issue is whether the Court should deny Defendant Yuran Aranda-Diaz the 3 offense-level reduction reflected in paragraph 35 of the Presentence Investigation Report ("PSR").  The Court will overrule Plaintiff United States of America's objection to application of the 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  The Court will sustain, however, the United States' objection to application of a 1-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), because the United States' refusal to move for an additional 1-level reduction is animated because of the timeliness of Aranda-Diaz' acceptance of responsibility -- which is a motive that is rationally related to a legitimate government end -- and because the United States' refusal to move for an additional 1-level reduction is not animated by an unconstitutional motive.

## PROCEDURAL BACKGROUND

On October 8, 2008, a grand jury returned an Indictment, charging Aranda-Diaz with re-entry of a removed alien, alien in possession of a firearm, possession with intent to distribute five

grams and more of cocaine base, carrying a firearm during and in relation to a drug trafficking crime, and felon in possession of a firearm.  See Doc. 14.  On April 14, 2010, a grand jury returned a Superseding Indictment, charging Aranda-Diaz with possession with intent to distribute a cocaine base, carrying a firearm during and in relation to a drug-trafficking crime, felon in possession of a firearm and ammunition, alien in possession of a firearm and ammunition, and re-entry of a removed alien.  See Doc. 66.  On June 28, 2010, Aranda-Diaz entered into a Plea Agreement.  See Doc. 88. Aranda-Diaz pled guilty to being a felon in possession of a firearm and ammunition, being an alien in possession of a firearm and ammunition, and re-entry of a removed alien.

The United States Probation Office ("USPO") disclosed a PSR on September 1, 2010.  The USPO re-disclosed the PSR on November 19, 2010, after amending the calculations and base offense levels pursuant to the new sentencing guidelines, which became effective November, 2010. The re-disclosed PSR calculated Aranda-Diaz' offense level as 19, and applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  The re-disclosed PSR thus calculated Aranda-Diaz' total offense level as 16.  The re-disclosed PSR calculated Aranda-Diaz' criminal history category  as V.  An offense level of 16 and a criminal history category of V results in a guideline sentencing range of 41 to 51 months.

On January 25, 2011, the USPO disclosed an Addendum to the re-disclosed PSR.  The Addendum stated that Aranda-Diaz submitted informal objections to the re-disclosed PSR.  Aranda-Diaz objected to the 2 criminal history points assessed in paragraph 55 of the re-disclosed PSR, asserting that he was not under a criminal justice sentence at the time he committed the offense.  The USPO concurred with Aranda-Diaz after reviewing the re-disclosed PSR, and amended paragraphs 54 and 55 of the PSR to reflect that, on April 11, 2007, Aranda-Diaz was sentenced to eight months imprisonment, with no term of supervised release to follow.  The Addendum thus amended Aranda-

Diaz' total criminal history points to reflect a total of 9 rather than 11 and calculated Aranda-Diaz'
criminal history category as IV.  An offense level of 16 and a criminal history category of IV results
in a guideline sentencing range of 33 to 41 months.

On January 27, 2011, the United States filed the Government's Objection to the Presentence
Report.  See Doc. 100.  The United States objects to paragraph 35 of the PSR, which awards
Aranda-Diaz a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.
The United States asserts that, although Aranda-Diaz provided a factual basis at the plea hearing,
a defendant who pleads guilty is not as a matter of right entitled to an acceptance-of-responsibility
offense level reduction.  The United States asserts that Aranda-Diaz entered a guilty plea on the day
set for trial, after the United States expended significant time and energy preparing for trial.  The
United States asks the Court to deny Aranda-Diaz the 3 offense-level reduction.

On January 27, 2011, Aranda-Diaz filed the Defendant's Response to the Government's
Objection to the Presentence Report.  See Doc. 101.  In his response, Aranda-Diaz argues that he
has accepted responsibility for his actions.  He argues that, because he clearly admitted the conduct
of the offense of conviction, he is entitled to a 2-level reduction for acceptance of responsibility
under U.S.S.G. § 3E1.1.  Aranda-Diaz argues that he heavily relied upon the acceptance-of-
responsibility provision when he decided to accept the plea agreement.  Aranda-Diaz asks the Court
to enforce the plea agreement's terms.  Aranda-Diaz also argues that he is entitled to the additional
1-level reduction.

On January 27, 2011, the USPO disclosed a Second Addendum to the re-disclosed PSR.  The
Second Addendum stated that the United States filed an objection to the PSR, in which the United
States objected to the 3-level reduction pursuant to U.S.S.G. § 3E1.1(b). The Addendum states that
the USPO concedes the additional 1-level reduction is generally assessed at the United States'

discretion and that Aranda-Diaz is entitled to only a 2-level reduction. The Second Addendum thus calculates Aranda-Diaz' offense level as 17. The Second Addendum also states that, on January 27, 2011, Aranda-Diaz submitted the following acceptance of responsibility statement: "I accept full responsibility for my actions in this matter and sincerely apologize to the Court and the public for my actions." Second Addendum at 1.

At the hearing, the United States represented that it would not argue with the application of the 2-level reduction for acceptance of responsibility, because Aranda-Diaz provided a statement accepting responsibility in the Second Addendum. The United States represented, however, that it still objected to application of the 1-level reduction for acceptance of responsibility.

## RELEVANT LAW

U.S.S.G. § 3E1.1 states:

(a)     If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b)     If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to allocate their resources efficiently, decrease the offense level by 1 additional level.

Application note 6 states:

Subsection (a) provides a 2-level decrease in offense level. Subsection (b) provides an additional 1-level decrease in offense level for a defendant at offense level 16 or greater prior to the operation of subsection (a) who both qualifies for a decrease under subsection (a) and who has assisted authorities in the investigation or prosecution of his own misconduct by taking the steps set forth in subsection (b). The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case. For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early

point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.

Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing. See section 201(g)(2)(B) of Public Law 108-21.

U.S.S.G. § 3E1.1 application note 6.

In United States v. Moreno-Trevino, 432 F.3d 1181 (10th Cir. 2005), the defendant challenged the district court's refusal to award him a 3-level reduction for acceptance of responsibility. See 432 F.3d at 1184.

Mr. Moreno-Trevino contends that once a district court finds a defendant's acceptance of responsibility under subsection (a), the government's discretion to file a motion under subsection (b) is limited to a determination of whether his acceptance was timely. See U.S.S.G. § 3E1.1 n. 5 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility."). He maintains that his plea was timely because he pleaded guilty three weeks after the indictment. Finally, Mr. Moreno-Trevino argues that the district court should have required the government to file a Section 3E1.1(b) motion because the government had no rational basis not to do so. Mr. Moreno-Trevino's arguments require us to consider the standards regarding the government's refusal to file a motion under Section 3E1.1, and we examine this question of law de novo. See United States v. Duncan, 242 F.3d 940, 945 (10th Cir.2001) (reviewing de novo the standards concerning the government's refusal to file a Section 5K1.1 motion).

In response, the government principally argues that its discretion to file a Section 3E1.1(b) motion is not limited by the timeliness of a defendant's acceptance of responsibility. According to the government, the discretion that it is afforded to file an acceptance-of-responsibility motion is similar to the discretion to file other motions, notably substantial-assistance motions under Section 5K1.1. Mr. Moreno-Trevino agrees that "[t]he most analogous situation [to the government's discretion under Section 3E1.1] is the prosecutorial discretion embodied in § 5K1.1 substantial assistance motions." Aplt's Br. at 16.

432 F.3d at 1184-85. The United States Court of Appeals for the Tenth Circuit concluded "that prosecutors should be afforded the same discretion to file acceptance-of-responsibility motions under Section 3E1.1(b) as substantial-assistance motions under Section 5K1.1." 432 F.3d at 1185.

-5-

First, the text of Section 3E1.1(b) and its accompanying commentary indicate that prosecutors have considerable discretion to file a motion. The language in the amended Section 3E1.1 resembles the language found in Section 5K1.1; under both sections, a defendant can obtain an additional adjustment only "upon motion of the government."  More specifically, a Section 3E1.1(b) motion must state that a defendant's timely notification of pleading guilty "permitt[ed] the government to avoid preparing for trial and permitt[ed] the government and the court to allocate their resources efficiently."  The recent amendment also added an Application Note stating that "the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial." U.S.S.G. § 3E1.1 cmt. n.6. Thus, the government "define[s] what constitutes timeliness and what constitutes trial preparation, [and] once those terms are defined the government has an evidentiary advantage."  [Margareth] Etienne, [Acceptance of Responsibility and Plea Bargaining Under the Feeney Amendment, 16 Fed. Sent. R. 109,] 112 [(2003)].

Second, like Section 5K1.1, we read Section 3E1.1(b) to confer on the government "a power, not a duty," Wade, 504 U.S. [181,] 185 [(1992)], . . . to file a motion when a defendant has timely notified prosecutors of an intention to plead guilty. See also Wayte v. United States, 470 U.S. 598, 607 . . . (1985) (generally describing the government's "broad discretion" about whom to prosecute because such decisions are "particularly ill-suited to judicial review").  The language of Section 3E1.1(b) is not rendered superfluous if the government can refuse to file such a motion for reasons other than timeliness.  That conclusion is supported by the Supreme Court's decision in Wade.  There, the Court held that "although a showing of assistance is a necessary condition of relief [under Section 5K1.1], it is not a sufficient one."  504 U.S. at 187 . . . ; see also [United States v.] Duncan, 242 F.3d [940,] 946 [(10th Cir. 2001)]("[T]he Court reiterated three times the rule that substantial assistance, standing alone, does not entitle a defendant to a substantial assistance motion.").  We similarly conclude that, while a defendant must "timely notify[ ] authorities of his intention to enter a plea of guilty" to warrant a Section 3E1.1(b) motion, such timeliness does not automatically entitle him to the government's filing for the additional adjustment.

432 F.3d at 1186.  The Tenth Circuit stated, however, that despite the government's "broad discretion" to file a U.S.S.G. § 3E1.1 motion, "such discretion 'is not unfettered.'"  432 F.3d at 1187 (citation omitted).  The Tenth Circuit stated that a court can review the "government's refusal to file a Section 3E1.1(b) motion and grant a remedy if it finds the refusal was '[(i)] animated by an unconstitutional motive, or [(ii)] not rationally related to a legitimate government end.'"  432 F.3d at 1186 (citation omitted).  The Tenth Circuit found that neither circumstance was present in the case

before it, because the defendant did not contend that the "government refused to file the motion because of an unconstitutional motive." 432 F.3d at 1186. "Moreover, as to the second basis for judicial review, the government advances a rational justification for its decision not to file a 3E1.1(b) motion." 432 F.3d at 1186. The Tenth Circuit thus found that it had no authority to review the government's refusal to file a U.S.S.G. § 3E1.1 motion. See 432 F.3d at 1187.

## ANALYSIS

The Court sustains the United States' objection to calculation of the additional 1-level reduction and overrules Aranda-Diaz' objection. The United States has broad discretion in determining whether to file a U.S.S.G. § 3E1.1 motion. The United States' broad discretion is not unfettered, however. The Court must assure itself when the United States decides not to file a U.S.S.G. § 3E1.1 motion that the United States' decision is not animated by an unconstitutional motive. Aranda-Diaz argues that it is unclear whether the United States' objection is animated by an unconstitutional motive or whether the objection is rationally related to a legitimate government interest. He states that the original PSR called for a guideline range of 70 to 87 months and the most recent PSR calls for a guideline range of 33 to 41 months. He argues that, if this change is the basis for the United States' objection, the objection is "no doubt animated by an unconstitutional motive." Response at 5 n.4. At the hearing, the United States told the Court that its motive for objecting to the additional 1-level reduction for acceptance of responsibility is that Aranda-Diaz entered into the plea agreement on the day the trial was scheduled to begin, after the United States had prepared for trial and called witnesses. The United States had prepared jury instructions and set up travel arrangements for the witnesses who were coming in from out of state. The United States argued that the additional 1-level reduction is for pleas that occur early in a case. The United States argued that, for these reasons, it was not moving the Court to apply the additional point. The United States

represented that its objection had nothing to do with the reduction in the offense level as a result of the sentencing guidelines lowering the base offense levels for crack cocaine. The United States asserted that the reason for its objection was the timing of the acceptance of responsibility.

The Court will sustain the United States' objection to the calculation of an additional 1-level reduction for acceptance of responsibility, because the United States' motive appears to be one of timing -- that the acceptance should have been made at an earlier point to avoid both the Court and the United States having to prepare for trial. The Court does not believe that the United States' motive is based in any way upon the original sentence for this drug. Other than Aranda-Diaz' suggestion that the United States' motive was animated by the difference between the original PSR's recommended guideline range and the re-disclosed PSR's recommended guideline range, there are no other suggestions of an unconstitutional motive. The United States is not moving for the additional 1-level reduction because of the timing of Aranda-Diaz' acceptance of responsibility. It appears that the guidelines give the United States the ability to make this decision and that the guidelines specifically recognize that the timing of acceptance of responsibility is a consideration in whether the United States should move for the additional 1-level reduction. See U.S.S.G. § 3E1.1 application note 6 ("The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case."). The acceptance of responsibility did not occur particularly early in this case -- instead, it occurred on the date for which the trial was scheduled. The Court is satisfied, after hearing counsels' arguments and reviewing the record, that the United States has not exceeded its broad discretion in not moving for the additional 1-level reduction. The Court does not believe that the United States' refusal to move for the third-level reduction is based on an unconstitutional motive or that it is based on a reason that is not

-8-

rationally related to a reasonable government end that the courts recognize.  The Court will therefore sustain the United States' objection to the additional 1-level reduction and will overrule Aranda-Diaz' objection.  Aranda-Diaz' offense level is thus 17 and his criminal history category is IV.

The Court has, as the record will reflect, reviewed with care the PSR's factual findings. There not being any objections to the factual findings, the Court will adopt those as its own.  The Court has also considered the PSR's sentencing guideline applications.  While the Court has sustained the United States' objection to application of the additional 1-level reduction and overruled Aranda-Diaz' objection, the Court will now adopt the sentencing guideline applications that the Second Addendum to the re-disclosed PSR sets forth.  The Court has also considered the factors that 18 U.S.C. § 3553(a) sets forth.  Aranda-Diaz' offense level is 17 and his criminal history category is IV.  The guideline imprisonment range is 37 to 46 months.  The Court notes that Aranda-Diaz possessed a firearm and ammunition while being a prohibited person.  In addition, he illegally re-entered the United States after he was deported following a felony conviction.

The Court has carefully considered the guidelines and other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.  The Court believes that the punishment that the guidelines set forth is appropriate for this offense.  The Court has considered the kinds of sentences and ranges that the guidelines establish.  While there are many factors that could counsel for something in the middle of the guideline sentencing range or at the high end of the range, the Court also concludes that a sentence at the low end of the range adequately reflects these factors. The parsimony clause pushes the sentence to the low end of the guideline range.  The Court believes that a sentence of 37 months is adequate to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and otherwise

fully and actively reflect the factors set forth in 18 U.S.C. § 3553(a).  And while the Court's task as

a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a)

factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district

court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a

sentence sufficient, but not greater than necessary, to comply with the purposes of section

3553(a)(2).")(citation omitted), the Court believes that this sentence balances the factors in 18

U.S.C. § 3553(a) and is a reasonable sentence.  The Court concludes that this sentence is sufficient

without being greater than necessary to comply with the purposes set forth in the Sentencing Reform

Act.

IT IS ORDERED that the Government's Objection to the Presentence Report, filed January

27, 2011 (Doc. 100) is sustained in part and denied in part.  The Court will overrule Plaintiff United

States of America's objection to application of a 2-level reduction for acceptance of responsibility

pursuant to U.S.S.G. § 3E1.1(a).  The Court will sustain the United States' objection to application

of a 1-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).  The Court

sentences Defendant Yuran Aranda-Diaz to a sentence of 37 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Linda Mott
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

B.J Crow
Bowles & Crow
Albuquerque, New Mexico

*Attorneys for the Defendant*